IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14697

---

BOARD OF TRUSTEES OF GARFIELD COUNTY
HIGH SCHOOL, GARFIELD COUNTY, MONTANA,

Relator and Respondent,

v.

L. THOMAS EATON,

Respondent and Appellant.

---

O R D E R

---

PER CURIAM:

This Court having considered the petition for rehearing filed herein by relator and respondent,

IT IS NOW ORDERED:

That portion of the petition relating to striking the award of attorney fees to appellant and amending the Opinion in this respect is granted. The final sentence of the Opinion reading, "Damages will also include an amount equal to Eaton's attorney fees and costs plus interest from the date of discharge." is hereby ordered deleted from the Opinion.

The petition for rehearing is otherwise denied.

DATED this 13th day of December, 1979.

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice John C. Sheehy did not participate in this decision.

No. 14697

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

BOARD OF TRUSTEES OF GARFIELD
COUNTY HIGHSCHOOL, GARFIELD COUNTY, MONTANA,

Relator and Respondent,

-vs-

L. THOMAS EATON,

Respondent and Appellant.

_____

Appeal from:  District Court of the First Judicial District,
Honorable M. James Sorte, Judge presiding.

Counsel of Record:

For Appellant:

Pedersen, Herndon, Harper and Munro, Billings, Montana

For Respondent:

Smith Law Firm, Helena, Montana
Cannon and Gillespie, Helena, Montana

_____

Submitted on briefs:  August 1, 1979

Decided: NOV 16 1979

Filed: NOV 1 1979

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is from a summary judgment in favor of respondents rendered November 21, 1978, by the First Judicial District Court, County of Lewis and Clark, the Honorable M. James Sorte, presiding.

The Board of Trustees of Garfield County High School (Board), respondents herein, voted to terminate the employment of Thomas Eaton, appellant herein, the principal of the high school, on January 11, 1977, effective June 30, 1977. The executive director of the Montana School Board Association informed the Board that because Eaton was not notified of his dismissal in writing, the dismissal was void. At the same time the Board and Eaton were also informed that the 02 endorsement held by Eaton on his teaching certificate did not qualify him to be a county high school principal under section 75-6112, R.C.M. 1947 (now section 20-4-401, MCA).

At a special meeting of the Board called the next day, Eaton was asked to submit his teacher's certificate for inspection. Eaton did so, and it was found that he had an 02 endorsement. The Board thereupon acted to terminate Eaton as county high school principal because he did not have an 03 endorsement as required by the statute and therefore could not validly hold the position of county high school principal. On June 16, 1977, the Board informed Eaton, in writing, he was being immediately dismissed pursuant to section 75-6112, R.C.M. 1947 (now section 20-4-401, MCA), because he was not properly certified at the level necessary to be a county high school principal.

The Board further inquired of the State Superintendent of Public Instruction whether Eaton was qualified to hold the position as county high school principal. On June 17, 1977, the State Superintendent's office informed the Board that Eaton was qualified as a principal.

Eaton appealed from the Board's decision, and on July 21, 1977, a hearing was held before the county superintendent of schools. The county superintendent concluded that Eaton was qualified to be principal but that his contract was effectively terminated on June 30, 1977. The county superintendent further held that the Board should make compensation to Eaton for the unused sick leave and unused annual leave for the contract year ending June 30, 1977.

Both parties appealed this decision to the State Superintendent. On June 19, 1978, the State Superintendent found that Eaton had been wrongfully discharged and ordered that he be reinstated.

The Board petitioned the District Court of Lewis and Clark County for review of the matter, and both parties moved for summary judgment. The Board's motion was granted on the basis of the District Court's finding that Eaton was not qualified as a principal and that the trustees had the power to dismiss him regardless of the unexpired term of his contract. From this summary judgment, Eaton appeals.

Two issues face the Court on appeal:

1. Whether the District Court erred in concluding that section 20-4-401, MCA, allowed the Board to summarily dismiss Eaton.

2. Whether the District Court erred in not invoking the doctrines of waiver and/or estoppel which would bar the Board from discharging Eaton.

This appeal turns on the interpretation of section 20-4-401, MCA. Subsection (1) of that section states in pertinent part:

> ". . . The trustees of a county high school shall employ and appoint a district superintendent, except that they may employ and appoint a holder of a class 3 teacher certificate with a district superintendent endorsement as the county high school principal in lieu of a district superintendent. . ."

The District Court found, and appellant admits, that he did not have a district superintendent endorsement on his class 03 teacher certificate. The District Court therefore found that appellant was not qualified to be a county high school principal and held that pursuant to section 20-4-401(5), MCA, appellant was to be discharged.

Section 20-4-401(5), MCA, provides:

> "At any time the class 3 teacher certification or the endorsement of the certificate of a district superintendent or a county high school principal that qualifies such person to hold such position becomes invalid, the trustees of the district or the joint board of trustees shall discharge such person as the district superintendent or county high school principal regardless of the unexpired term of his contract. The trustees shall not compensate him under the terms of his contract for any services rendered subsequent to the date of the invalidation of his teacher certificate."

The language of the above statute is clear and unambiguous. Section 20-4-401(1), MCA, clearly states the qualifications necessary to be a county high school principal. Section 20-4-401(5), MCA, provides that if the endorsement of the certificate does not qualify the person to hold such a position he must be discharged. Appellant's certificate did not have the proper endorsement; therefore, according to the statute, the Board would normally be required to discharge him.

-4-

The facts of this case, however, present a situation not contemplated by the legislature nor dealt with by case law..

A summary of the pertinent facts follows:

(1) Section 20-4-401, MCA, was first enacted as section 75-6112, R.C.M. 1947, by section 93, Chapter 5, Laws of Montana (1971), and amended in 1973 by Section 1, Chapter 105, Laws of Montana (1973).

(2) Eaton was employed under five one-year contracts as county high school principal of Garfield County High School ending with the school year 1976-1977.

(3) When Eaton was initially hired by the Board, he posssessed a class 3 teachers certificate, Level II, with an 02 endorsement (secondary principal) instead of an 03 endorsement (district superintendent).

(4) On January 11, 1977, the Board decided to terminate Eaton's employment when his fifth contract expired on June 30, 1977. No reasons for termination were given nor were they required by law (section 20-4-401(3), MCA).

Eaton had actual knowledge of this decision; however, he was not notified in writing as required by section 20-4-401(3), MCA.

(5) Following its January 11, 1977, decision, the Board immediately advertised for a new county high school principal and subsequently hired one Robert E. Aumaugher to fill the position. The qualifications set forth in the advertisement were identical to those held by Eaton and, in fact, Aumaugher possessed only an 02 endorsement on his certificate.

(6) On June 14, 1977, the parties were informed by the Executive Director of the Montana School Boards Association

that the notice of termination given to Eaton was ineffective because it was not in writing. It was at this time also that the Board and Eaton were made aware that an 03 endorsement, not an 02 endorsement, was required by statute to be a county high school principal.

(7) The Board then called a special meeting on June 15, 1977, and asked Eaton to produce his teaching certificate. Eaton did so, and it was found to have an 02 endorsement, not an 03 endorsement. The Board sent a letter to Eaton dated June 16, 1977, stating that pursuant to section 20-4-401(5), MCA, Eaton's services were immediately terminated because he did not have an 03 endorsement on his certificate.

The Board also reevaluated Aumaugher but agreed to retain him upon his assurance that he would have the necessary qualifications as set forth in section 20-2-401(1), MCA, after his studies in July 1977.

(8) It is interesting to note that an 03 endorsement was Eaton's merely for the asking without further study. Eaton, in fact, requested that endorsement, and it was tendered him by the Superintendent of Public Instruction on July 21, 1977.

The Board's methodology in this matter does not conform to the procedure envisioned by the legislature in section 20-4-401, MCA. It is clear that when the Board's original attempt to terminate Eaton went awry, they sought out the convenience of section 20-4-401(5), MCA. The Board submits that they did not become aware of this statute until June 14, 1977. This explanation, however, is not sufficient in law as the Board has a duty to be aware of the statutes governing such matters.

The judgment of the District Court is reversed and the cause is remanded to the District Court with instructions to enter judgment for Thomas Eaton for improper discharge and compute damages in an amount equal to the amount Eaton would have earned in wages and benefits for one year under the terms of his contract at the time of his improper discharge. Damages will also include an amount equal to Eaton's attorney fees and costs plus interest from the date of discharge.

_____
Justice

We concur:

_____
Chief Justice

_____
Justice

Mr. Justice Daniel J. Shea concurring in part and dissenting in part:

I concur in the opinion allowing Thomas Eaton one year's wages and benefits as damages, but I cannot agree that he is entitled, as damages, to recover attorney fees. In the absence of a statute so allowing, or in the absence of court opinion clearly setting forth new/element of damages to be applied to cases arising under a myriad of circumstances, as they normally do, I cannot agree that attorney fees can be recovered as part of his damages.

_____
Justice

Mr. Justice John C. Sheehy, deeming himself disqualified, did not participate in this decision.

-7-